UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08749-RGK-BFM | Date | January 12, 2024 |
|---|---|---|---|
| Title | *Amorepacific Corporation, et al. v. Sunshine Mall, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order to Show Cause Re: Whether Plaintiffs Failed to State an Interference with Contractual Relations Claim**

On October 17, 2023, Amorepacific Corporation and Amorepacific US, Inc. (collectively, "Plaintiffs") filed a Complaint against Sunshine Mall and Tae Woong Kim (collectively, "Defendants"), asserting various federal and state claims stemming from Defendants' unauthorized import and sale of Plaintiffs' overseas products. (ECF No. 1.) On December 13, 2023, Defendants filed a motion to dismiss one claim—interference with contractual relations—as untimely under the applicable statute of limitations. (ECF No. 23.) Upon examining the Complaint and related exhibits, the Court cannot determine timeliness because it appears that Plaintiffs fail to sufficiently allege an essential element of the claim.

To state a claim for interference with contractual relations, a plaintiff must plead "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Ixchel Pharma, LLC v. Biogen, Inc.*, 930 F.3d 1031, 1037 (9th Cir. 2019) (citing *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990)). To satisfy the fourth element, the plaintiff may allege an "actual or inevitable breach of contract" or "interference with plaintiff's performance . . . if plaintiff's performance is made more costly or more burdensome." *Pac. Gas*, 50 Cal. 3d 1129.

Here, Plaintiffs' only relevant allegation is that Defendants' conduct "undermines Plaintiffs' relationships with their legitimate U.S. distributors and licensees . . . ." (Compl. ¶ 22.) Such a conclusory and vague allegation is insufficient to state a claim. *See Name.Space, Inc. v. Internet Corp. for Assigned Names & Nos.*, 795 F.3d 1124, 1134 (9th Cir. 2015) (affirming dismissal where a plaintiff failed to allege any specific disruption to contractual relationships); *RealPage, Inc. v. Yardi Sys., Inc.*, 852 F. Supp. 2d 1215, 1231 (C.D. Cal. 2012) (dismissing interference claim because a plaintiff did not state that "any actual breach or disruption" had occurred but only that "a breach or disruption could occur"); *Havensight Cap. LLC v. Nike, Inc.*, 2015 WL 993334, at *1 (C.D. Cal. Feb. 18, 2015) (holding that conclusory allegations of disruption are insufficient to state an interference claim).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08749-RGK-BFM | Date | January 12, 2024 |
|---|---|---|---|
| Title | *Amorepacific Corporation, et al. v. Sunshine Mall, et al.* | | |

Accordingly, the Court **ORDERS** the parties to **show cause in writing** why Plaintiffs have or have not sufficiently alleged an interference with contractual relations claim. Such a response **shall not exceed five pages** and must be submitted within **fourteen days of this Order's issuance.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/dc |