JS6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOREPACIFIC CORPORATION AND AMOREPACIFIC US, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUNSHINE MALL D/B/A SM KOREA BEAUTY AND TAE WOONG KIM,<br><br>Defendants. | CASE NO. 2:23-cv-08749-RGK-BFM<br><br>Judge: Hon. R. Gary Klausner<br><br>[PROPOSED] **STIPULATED JUDGMENT BY CONSENT AND PERMANENT INJUNCTION** |

**JUDGMENT BY CONSENT AND PERMANENT INJUNCTION**

Pursuant to the parties' Stipulation for Entry of Judgment and Permanent Injunction Pursuant to Settlement Agreement,

**IT IS ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:**

1.  The Court has personal jurisdiction over each of the parties for this action. The Court has subject matter jurisdiction because (1) this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.* (the Lanham Act), and the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, jurisdiction being conferred pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b); and (2) this is a civil action between citizens of California on one side (Defendants) and a citizen of the Republic of Korea and a citizen of New York on the other side (Plaintiffs), in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332. Jurisdiction for the claims made under California state law is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

2.  Plaintiff Amorepacific Corporation is a corporation organized under the laws of the Republic of Korea. Amorepacific Corporation maintains its principal place of business at 100, Hangang daero, Yongsan gu, Seoul, Republic of Korea 04386.

3.  Plaintiff Amorepacific US, Inc. ("Amorepacific US") is a corporation organized under the laws of New York. Amorepacific US maintains its principal place of business at 1407 Broadway, Suite 210, New York, New York 10018. Unless specifically identified, Plaintiff Amorepacific Corporation and Plaintiff Amorepacific US are referred to collectively herein as "Plaintiffs."

4.  Defendant Sunshine Mall d/b/a SM Korea Beauty ("SM Korea Beauty") is a corporation organized under the laws of California that maintains places of business at 6950 Aragon Circle, Suite 2, Buena Park, California 90620 and 3300 West 6th Street, Suite 5, Los Angeles, California 90020.

**JUDGMENT BY CONSENT AND PERMANENT INJUNCTION**

20283089.1

5. Defendant Tae Woong Kim ("Kim") is an individual residing and doing business in the Los Angeles, California area. Kim is the founder, CEO, CFO, Secretary, Director, and Registered Agent of Defendant SM Korea Beauty. Kim maintains a professional address at 6950 Aragon Circle, Suite 2, Buena Park, California 90620. Unless specifically identified, Defendant SM Korea Beauty and Defendant Kim are referred to collectively herein as "Defendants."

6. On October 17, 2023, Plaintiffs filed this lawsuit against Defendants. (ECF 1.) On February 8, 2024, Plaintiffs filed the operative First Amended Complaint for Trademark Infringement under 15 U.S.C. § 1114; Unfair Competition under 15 U.S.C. § 1125 and CA Bus. & Prof. Code §§ 17200, *et seq*.; Common Law Trademark Infringement and Unfair Competition under California Common Law; Copyright Infringement under 15 U.S.C. § 501; Interference with Contractual Relations; and (against Kim only) Breach of Contract. (ECF 37.) On February 22, 2024, Defendants filed their Answer to Plaintiffs' First Amended Complaint. (ECF 40.)

7. Amorepacific Corporation is engaged in the manufacture, distribution, sale, and marketing of a range of cosmetics products throughout the United States and in various other countries around the world (collectively, "Amorepacific Products"). Amorepacific US is the authorized distributor for the authorized Amorepacific Products that are imported into and sold in the United States under the Amorepacific Marks (defined below). Amorepacific US enters into distribution agreements with U.S. retailers for the sale of these products in the United States.

8. Amorepacific Corporation is the owner of all rights, title, and interest in and to trademarks and trade dress that Plaintiffs use in the United States and in other jurisdictions around the world in connection with Amorepacific Products, including without limitation the marks AMOREPACIFIC, SULWHASOO, LANEIGE, HANYUL, HERA, IOPE, MAMONDE, ARITAUM, HAPPY BATH, MISE EN SCENE, RYO, and PRIMERA, and by way of example the packaging

3

**JUDGMENT BY CONSENT AND PERMANENT INJUNCTION**

trade dress for LANEIGE, which consists of a distinctive combination of a cylinder-shaped container with an opaque top and transparent base, sold in an array of vibrant colors. All of Amorepacific Corporation's trademarks and trade dress are referred to collectively herein as the "Amorepacific Marks."

9. Among others, Amorepacific Corporation owns the following U.S. registrations for the Amorepacific Marks:

| Mark (Reg. No.) | Reg. Date | Goods |
|---|---|---|
| AMOREPACIFIC (Reg. No. 2813604) | Feb. 10, 2004 | Class 3: Skin milk lotions; skin fresheners; perfumes; nourishing creams; make-up bases, cleansing creams; massage creams; eye shadows; lipsticks; cosmetic soaps; body cleansers; powder foundation; mascaras; facial masks; essential skin moisturizers; eau de toilettes; hair shampoos; eyebrow pencils; skin cleansing foam; foundation creams |
| AMOREPACIFIC (Reg. No. 4810560) | Sept. 15, 2015 | Class 3: Cosmetics; perfumes; beauty masks; hair shampoos; dentifrices; liquid bath soaps |
| SULWHASOO (Reg. No. 3962642) | May 17, 2011 | Class 3: Skin lotions, foundation creams, eye creams; cosmetic nourishing creams; cosmetic skin fresheners; make-up powder; cosmetics; cosmetic creams for skin care |
| LANEIGE (Reg. No. 2110811) | Nov. 4, 1997 | Class 3: Cosmetic lotions and cosmetic creams for the skin, face, and body; face powder, make-up foundation, eye shadow, face color, mascara, lipstick, eye pencils and make-up powder |
| HANYUL (Reg. No. 4965227) | May 24, 2016 | Class 3: Cosmetics; cosmetic preparations for skin care; make-up; non-medicated balms for use on skin; lipsticks |

| Mark (Reg. No.) | Reg. Date | Goods |
|---|---|---|
| HERA (Reg. No. 2370737) | July 25, 2000 | Class 3: Eye shadow; toilet water; cosmetic creams for skin, face and body; lipstick; lotion for cosmetic purposes, namely, skin lotion; makeup powder sold in compact; soap for cosmetic purposes; and, skin cleansing creams for cosmetic purposes |
| IOPE (Reg. No. 2297281) | Dec. 7, 1999 | Class 3: Cosmetics, namely, skin lotions, massage creams, skin cleansing creams, essential oils, lipsticks, mascara, eye shadow, face powder, make-up foundation, cosmetic creams for the skin, face and body |
| MAMONDE (Reg. No. 4377629) | July 30, 2013 | Class 3: Cosmetics; cosmetic preparations for bath and shower; hair care lotions; cleaning preparations |

10. All of the registrations listed above are in full force and effect and are incontestable pursuant to 15 U.S.C. § 1065. Amorepacific Corporation's rights in the Amorepacific Marks are valid and enforceable.

11. Amorepacific Corporation owns numerous copyrights for copyrighted advertising materials, brand ambassador photographs, product photographs, webpages, and other fixed content relating to Amorepacific Products that Plaintiffs use to promote and advertise Amorepacific Products in the United States and in other jurisdictions around the world (collectively, "Amorepacific Copyrighted Works"). Representative examples of Amorepacific Copyrighted Works are reflected in Exhibit C to the First Amended Complaint. (ECF 37 at Ex. C.)

12. SM Korea is a cosmetics retailer based in the Los Angeles area. SM Korea advertises and sells cosmetics products through its website (www.smkoreabeauty.com), on online sales platforms (such as eBay), from its brick-

and-mortar retail store in the Koreatown neighborhood of Los Angeles, from its warehouse in Buena Park, and at local in-person markets. SM Korea also promotes the products it sells through social media, text messaging, and print advertising.

13. SM Korea has imported, advertised, promoted, distributed, and sold in the United States Amorepacific Products bearing Amorepacific Marks that Amorepacific Corporation only authorizes and intends for sale in foreign jurisdictions besides the United States (the "Gray Market Amorepacific Products"). Defendants have advertised and promoted Gray Market Amorepacific Products using unauthorized copies of Amorepacific Copyrighted Works.

14. In particular, SM Korea has imported, advertised, promoted, distributed, and sold in the United States Gray Market Amorepacific Products bearing the following Amorepacific Marks: AMOREPACIFIC, SULWHASOO, LANEIGE, HANYUL, HERA, IOPE, and MAMONDE.

15. Gray Market Amorepacific Products are materially different under the Lanham Act from the corresponding versions of Amorepacific Products that Amorepacific Corporation and Amorepacific US authorize for sale and intend to be sold in the United States. The material differences between Gray Market Amorepacific Products and Amorepacific Products that Plaintiffs authorize and intend for sale in the United States include the following, among others:

    a. The specific compositions and formulations of Plaintiffs' authorized U.S. products and Gray Market Amorepacific Products can differ. Ingredients included in certain unauthorized Gray Market Amorepacific Products are not expressly authorized by U.S. Food and Drug Administration's requirements for ingredients that may be included in authorized products sold in the United States.

    b. The packaging and labeling for Gray Market Amorepacific Products are not intended to conform to U.S. legal and regulatory requirements, including with respect to FDA labeling requirements and, in some instances, U.S. advertising law under the Lanham Act, 15 U.S.C. § 1051, *et. seq*.

  c. Gray Market Amorepacific Products oftentimes do not include English-language business information, ingredient lists, warnings, and directions for use.

  d. Gray Market Amorepacific Products do not travel through Plaintiffs' authorized supply chains and therefore are not subject to Plaintiffs' quality control standards for transporting authorized products in a manner that ensures that products are shipped at proper temperatures to prevent degradation of products' chemical compositions.

  e. Gray Market Amorepacific Products do not travel through Plaintiffs' authorized supply chains and therefore are not subject to Plaintiffs' quality control standards for transporting authorized products in a manner that ensures the outer packaging does not get nicks, dents, and scratches, which may result in products that look to be inferior and may also result in leakage from inner bottles or containers.

  f. Gray Market Amorepacific Products are not supported by Amorepacific US's product warranty and are not eligible to be returned to Amorepacific US under the company's refund policy.

  g. Because Gray Market Amorepacific Products are imported and sold outside of Plaintiffs' authorized – and optimized – distribution channels, they likely take longer to reach end consumers, resulting in consumers receiving either expired or nearly expired (and thus potentially ineffective) products.

16. SM Korea is not now, nor has it ever been, associated, affiliated, or connected with, or endorsed or sanctioned by, Plaintiffs. SM Korea has never been authorized to (i) import, promote, advertise, distribute, or sell any Amorepacific Products; (ii) use any Amorepacific Marks; or (iii) use any Amorepacific Copyrighted Works.

**NOW, THEREFORE, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:**

A. Final judgment is entered in favor of Amorepacific Corporation and against SM Korea Beauty on Amorepacific Corporation's claims for: (i) Trademark

Infringement under 15 U.S.C. § 1114; and (ii) Copyright Infringement under 17 U.S.C. § 501.  Final judgment also is entered in favor of Amorepacific Corporation and Amorepacific US and against SM Korea Beauty on Plaintiffs' claims for: (i) Unfair Competition under 15 U.S.C. § 1125; (ii) Unfair Competition under CA Bus. & Prof. Code §§ 17200, *et seq.*; (iii) Common Law Trademark Infringement and Unfair Competition under California Common Law; and (iv) Interference with Contractual Relations.  SM Korea's conduct in importing, advertising, promoting, distributing, and selling Gray Market Amorepacific Products in connection with the Amorepacific Marks and Amorepacific Copyrighted Works has infringed the relevant Amorepacific Marks and Amorepacific Copyrighted Works, constituted unfair competition against Plaintiffs, and interfered with Plaintiffs' contractual relations.

   B. Upon the entry of this Judgment, SM Korea Beauty and its officers, agents, servants, employees, and those persons acting in concert or participation with SM Korea, and including Kim individually, shall be permanently enjoined from:

    i. Importing, advertising, promoting, distributing, selling, or otherwise dealing in any Gray Market Amorepacific Products, whether in connection with SM Korea's business or any other business or endeavor at any time.  For the avoidance of doubt, this prohibition requires, without limitation, that Defendants remove and never repost any and all listings for any Gray Market Amorepacific Products;

    ii. Using any of the Amorepacific Marks or any reproduction, copy or colorable imitation thereof to identify any goods or the rendering of any services not authorized by Plaintiffs;

    iii. Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to dilute the distinctive quality of the Amorepacific Marks;

      iv.    Using any false description or representation tending to falsely describe or represent Defendants, or any goods or services Defendants may offer, as being those of Plaintiffs or sponsored by or associated with Plaintiffs;

      v.    Using any Amorepacific Copyrighted Works, including without limitation any of Amorepacific Corporation's copyrighted advertising materials, brand ambassador photographs, product photographs, or webpages or any other content relating to Amorepacific Products;

      vi.    Soliciting, engaging, enabling, facilitating, or assisting any third parties to breach any of the prohibitions set forth herein; and

      vii.    Effecting any assignments or transfers, forming any new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

C.    Defendants acknowledge that Amorepacific Corporation's rights in and to the Amorepacific Marks and the Amorepacific Copyrighted Works are valid and enforceable, and Defendants shall not contest, petition to cancel, or otherwise challenge Plaintiffs' ownership and use of the Amorepacific Marks or the Amorepacific Copyrighted Works, or assist any others in doing so.

D.    Each Defendant waives all rights to appeal, and each Defendant agrees not to appeal this Judgment.

E.    The parties shall be subject to, and Defendants submit to, the jurisdiction of this Court in connection with this matter for all purposes, including for the purpose of enforcing the terms of this Judgment.

F.    Except as set forth in the parties' Settlement Agreement, each party shall bear its own attorneys' fees and costs in connection with this case. Defendants shall be jointly and severally liable to reimburse Plaintiffs' legal fees to pursue any

action to enforce any claimed violation of any provision of this Judgment; however, Defendants will not be liable for such costs in Plaintiffs' enforcement action if Defendants are deemed to be prevailing parties in such action.

**IT IS SO ORDERED.**

Dated:  10/31/2024

_____
R. GARY KLAUSNER
United States District Court Judge